```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


MICHAEL TOLDNESS,                  )
                                   )
        Petitioner,                )
                                   )    CIVIL ACTION NO.
    v.                             )    16-11779-DPW
                                   )
KELLY RYAN,                        )
                                   )
        Respondent.                )
```

## MEMORANDUM AND ORDER
May 8, 2017

Petitioner Michael Toldness, who was convicted of various felony domestic abuse crimes in state court, filed this petition for habeas corpus relief from this court under 28 U.S.C. § 2254. His custodian, Respondent Kelly Ryan, has moved to dismiss the petition. I will grant Respondent's motion.

### I. BACKGROUND

In 2012, Petitioner was indicted on fourteen counts stemming from his alleged attack on his wife on December 25, 2011. *Commonwealth* v. *Toldness*, 28 N.E.3d 14 (Table), 2015 WL 1650066, at *1 (Mass. App. Ct. 2015).

The first indictment charged Petitioner with aggravated rape in count one, armed burglary in count two, aggravated assault and battery by means of a dangerous weapon on a person with a protective order in count three, aggravated assault and battery on a person with a protective order in count four,

violation of an abuse prevention order in count five, larceny over $250 in count six, aggravated assault and battery on a person with a protective order in count seven, violation of an abuse prevention order in counts eight and nine, threatening to commit a crime in count ten, assault by means of a dangerous weapon in count eleven, and threatening to commit a crime in count twelve. *Id.* at *1 n.2. In a second indictment, Petitioner was charged with intimidating a witness and violating an abuse prevention order. *Id.*

On January 22, 2013, a jury in Norfolk Superior Court found Petitioner guilty on counts two, three, four, five, seven, eight, nine, and ten of the first indictment and both counts of the second indictment. *Id.*[1] As to counts one and six of the first indictment, the jury found Petitioner guilty of the lesser included offenses of indecent assault and battery and larceny under $250. *Id.* The Appeals Court affirmed his conviction. *Id.* The Supreme Judicial Court denied further review. *Commonwealth* v. *Toldness*, 32 N.E.3d 316 (Mass. 2015).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 provides that "a writ of habeas corpus will not be granted unless the state court's adjudication of the claim on the merits

---

[1] Counts eleven and twelve of the first indictment were dismissed.

2

'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Jenkins* v. *Bergeron*, 824 F.3d 148, 152 (1st Cir. 2016) (quoting 28 U.S.C. § 2254(d)(1)-(2)) (citations omitted).

"A state court decision is 'contrary to' clearly established federal law if it 'contradicts the governing law set forth in the Supreme Court's cases or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court' but reaches a different result." *Gaskins* v. *Duval*, 640 F.3d 443, 451-52 (1st Cir. 2011) (quoting *John* v. *Russo*, 561 F.3d 88, 96 (1st Cir. 2009)). A state court "unreasonably applies" clearly established law "if it applies Supreme Court precedent to the facts of the case in an objectively unreasonable manner, such as reaching a result that is 'devoid of record support' for its conclusion." *Id.* at 452 (quoting *McCambridge* v. *Hall*, 303 F.3d 24, 37 (1st Cir. 2002)) (citations omitted).

Toldness pursues two grounds for relief in this court.[2] First, he argues that the trial judge's refusal to provide the jury instruction he requested regarding the unlawful entry component of the armed burglary charge deprived him of a fair trial. Second, he argues that the Commonwealth's expert regarding domestic abuse provided improper testimony that in turn deprived him of a fair trial.

### A. *Denial of Petitioner's Requested Unlawful Entry Instruction*

Massachusetts General Laws c. 266, § 14 sets forth the offense of armed burglary in Massachusetts:

> Whoever breaks and enters a dwelling house in the night time, with intent to commit a felony, or whoever, after having entered with such intent, breaks such dwelling house in the night time, any person being then lawfully therein, and the offender being armed with a dangerous weapon at the time of such breaking or entry, or so arming himself in such house, or making an actual assault on a person lawfully therein, shall be punished by imprisonment in the state prison for life or for any term of not less than ten years.

Massachusetts law is settled that "'[t]he term 'enters' within the statute is given no special definition. Nonetheless, the word is to be construed as an unlawful entry, consistent with its use in a criminal context.'" *Commonwealth* v. *Mahar*, 722

---

[2] Toldness initially raised three grounds for relief in his petition, but later moved to amend to remove the third ground, acknowledging that the third ground was not included in his application for further appellate review to the Supreme Judicial Court and therefore remained unexhausted. Accordingly, I dismissed the third ground of the petition and it is no longer a part of this case.

N.E.2d 461, 465 (Mass. 2000) (quoting *Commonwealth* v. *Dunn*, 680 N.E.2d 1178, 1181 (Mass. App. Ct. 1997)).

Petitioner claims that the evidence presented at trial supported the view that he entered the home with the victim's consent. As the Appeals Court recounted, Petitioner "requested the following instruction: 'An entry, or going in, by an (armed) person into a dwelling in response to an invitation from a person living there obviously is not a violation of the statute.'" *Toldness*, 2015 WL 1650066, at *1. Petitioner contends that the trial judge's refusal to provide such an instruction denied him the ability to present his theory of defense.

The Fourteenth Amendment's Due Process Clause and the Sixth Amendment, either in combination or independently, "guarantee[] criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane* v. *Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California* v. *Trombetta*, 467 U.S. 479, 485 (1984)). Moreover, an incorrect jury instruction may violate the Due Process Clause's basic guarantee of "fundamental fairness" if "'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Estelle*

v. *McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp* v. *Naughten*, 414 U.S. 141, 147 (1973)).[3]

The Appeals Court found no error in the trial judge's refusal to give the requested jury instruction. The Appeals Court observed that "[n]o instruction on permissive entry was required . . . because the G.L. c. 209A abuse prevention order, the violation of which is a criminal offense, rendered all entry by him as unlawful regardless of his wife's consent." *Toldness*, 2015 WL 1650066, at *1 (citations omitted).

I will not disturb the Appeals Court's determination that, under Massachusetts state law, the victim's purported consent in this case was irrelevant to whether Petitioner's entry into the dwelling was unlawful. *Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The Appeals Court

---

[3] Petitioner cites *Mathews* v. *United States* for the proposition that "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." 485 U.S. 58, 63 (1988). *Mathews*, however, dealt with an appeal from a *federal* conviction "and was not based on the Constitution or federal habeas corpus principles." *Jackson* v. *Mullin*, 46 F. App'x 605, 609 n.1 (10th Cir. 2002); *see also Mathews*, 485 U.S. at 69 (White, J., dissenting) ("The Court properly recognizes that its result is not compelled by the Constitution."). As discussed below, even if I were to find that *Mathews* created a right under the Constitution to request an instruction as to a recognized defense for which there is evidence in the record, no such right would be violated here because the requested instruction did not amount to a recognized defense to armed burglary under Massachusetts law.

6

decision was fully consistent with decisions of the Supreme Judicial Court, which have held that violations of orders to vacate, to refrain from abusing, or to have no contact under G.L. c. 209A are criminal violations. *Commonwealth* v. *Finase*, 757 N.E.2d 721, 723-24 (Mass. 2001). In *Commonwealth* v. *Mahar*, the Supreme Judicial Court made clear that "[a] consensual entry . . . does not always correlate with a lawful entry." 722 N.E.2d at 468-69. I defer to the Appeals Court's conclusion that Petitioner's requested instruction was an incorrect statement of Massachusetts law; even if the petitioner had received an invitation from the person living in the dwelling, under these circumstances he still would have committed an unlawful entry under Massachusetts law.[4]

Any purported federal right to jury instructions in line with Petitioner's theory of defense would not have been violated

---

[4] The Appeals Court's alternative grounds also demonstrates that the petitioner's proposed jury instruction was not a correct statement of Massachusetts law. Relying on *Commonwealth* v. *Putnam*, which in turn relied on *Mahar*, the Appeals Court observed that the victim's purported consent for the petitioner to enter the dwelling would not be legally significant under these circumstances because he entered the dwelling armed with a wooden stick and ready to attack the victim once he was let inside. *Toldness*, 2015 WL 1650066, at *1 n.4 (citing *Commonwealth* v. *Putnam*, 914 N.E.2d 969, 973 (Mass. App. Ct. 2009))("'[P]urported consent [to entry] cannot be considered legally significant unless the occupant has been made aware that the person at the door is armed with a dangerous weapon and is about to commit an assault once inside.'") (quoting *Mahar*, 722 N.E.2d at 469) (alterations in original).

by the trial court's refusal to adopt an instruction that the Appeals Court determined to be an incorrect statement of state law.  *Cruz* v. *Maloney*, 152 Fed. App'x 1, 4 (1st Cir. 2005) ("The trial court's instruction boiled down to an issue of Massachusetts state law and [Petitioner's] attempt to recast the issue in a constitutional light is unavailing.").  The jury instructions the trial court ultimately provided do not fall within the rare category of state rules that run afoul of either the Due Process Clause or the Sixth Amendment.  The trial judge's instruction on armed burglary recited the elements of the offense and described "entry" as simply "the unlawful making of one's way into a dwelling."  That instruction falls within the state's power to define its own criminal laws and does not violate any guarantees of the United States Constitution.  *Patterson* v. *New York*, 432 U.S. 197, 201-02 (1977).

### B.   *Commonwealth's Expert Testimony*

In his second grounds for relief, Petitioner argues that the Commonwealth's expert on domestic violence, Dr. Margret Bell, improperly vouched for the veracity of the victim.  He claims that Dr. Bell tailored her testimony to fit the evidence presented in the case and thereby gave the Commonwealth's theory of the case support in a manner offensive to the United States Constitution.

The Due Process Clause places some limits on evidence that may be introduced at trial. *Coningford* v. *Rhode Island*, 640 F.3d 478, 484 (1st Cir. 2011) ("To be sure, a misbegotten evidentiary ruling that results in a fundamentally unfair trial may violate due process and, thus, ground federal habeas relief.") (citing *Montana* v. *Egelhoff*, 518 U.S. 37, 43 (1990)). To entitle the petitioner to habeas relief, however, the state court's application of state evidentiary rules "must be 'so arbitrary or capricious as to constitute an independent due process . . . violation.'" *Id.* (quoting *Lewis* v. *Jeffers*, 497 U.S. 764, 780 (1990)).

The Appeals Court held that Dr. Bell's testimony "was not improper because it included general concepts only" regarding domestic violence. *Toldness*, 2015 WL 1650066, at *1. The Appeals Court observed that under Massachusetts law "[e]xpert testimony on domestic violence is generally admissible because the subject is not within the common experience of ordinary jurors," but cautioned that "[s]uch testimony must be limited to general characteristics shared by typical victims." *Id.* (citing *Commonwealth* v. *Morris*, 974 N.E.2d 1152, 1159 (Mass. App. Ct. 2012)). The Appeals Court concluded the jurors who convicted Petitioner were "properly instructed as to how they were to evaluate the testimony of an expert witness" and "the jurors are presumed to follow the judge's instructions." *Id.* The Appeals

9

Court also noted "that the expert neither met nor treated the victim," a circumstance which necessarily underscored that Dr. Bell's testimony was regarding domestic abuse generally and did not involve her specific observations about the facts of the alleged incident. *Id.* at *1 n. 5.

I find that neither the trial court's nor the Appeals Court's application of Massachusetts evidentiary rules on expert testimony violated Petitioner's due process rights. Review of the trial transcript shows that Dr. Bell testified only to general characteristics and behavior patterns of domestic violence victims. Even when she discussed more specific behavior patterns that the jury may have found similar to the victim's behavior-such as the potential for domestic violence victims to continue to have sexual relations with their abusers-Dr. Bell focused only on general trends and did not discuss the victim's individual circumstances. Moreover, before Dr. Bell began the substance of her expert testimony, the trial judge gave an instruction on the role of expert testimony, telling the jury "the witness is not going to talk about this particular case, but [will] give you some – seek to give you some insight into what may or may not be going on in the mind of someone in a relationship that some people would say is not a healthy relationship."

As the Appeals Court correctly found, the general nature of Dr. Bell's testimony and the limiting instructions provided by the trial judge ensured that her testimony was not improper under Massachusetts state law, let alone under the federal Due Process clause. *Toldness*, 2015 WL 1650066, at *1.

### III. CONCLUSION

For the reasons set forth more fully above, I direct the clerk to enter a judgment dismissing this petition for habeas corpus.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE